**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**George BILLINGSLEA, Defendant–Appellant.**

**No. 03–12483
Non–Argument Calendar.
D.C. Docket No. 00–08161–CR–KLR.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 19, 2005.

Dawn Bowen, Anne R. Schultz, Sally M. Richardson, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Lance Armstrong, Miami, FL, for Defendant–Appellant.

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM.

This case is before the Court for consideration in light of *United States v. Booker*, 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We previously affirmed Appellant's conviction for bank robbery, in violation of 18 U.S.C. § 2113(a), (d). *See United States v. Billingslea*, 107 Fed.Appx. 182 (11th Cir.2004). The Supreme Court has vacated our prior decision and remanded the case to us for further consideration in light of its decision in *Booker*.

In his initial brief, Billingslea argued that: (1) the district court abused its discretion by empaneling an anonymous jury; (2) the district court abused its discretion by allowing a government witness to testify via satellite video transmission; (3) the district court plainly erred by admitting an unavailable declarant's photograph identification of Billingslea; and (4) there was insufficient evidence to sustain his conviction. Nowhere in his initial brief did Appellant raise a constitutional challenge to his sentence or assert any error based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or its progeny. Thus, Appellant's *Blakely/Booker* claim was not timely raised in this Court. As there is nothing in the Supreme Court remand suggesting that we treat this claim as timely, we deem Appellant's untimely *Blakely/Booker* claim abandoned. *See United States v. Dockery*, 401 F.3d 1261, 1262–63 (11th Cir.2005) (citation omitted).

Accordingly, we reinstate our previous opinion in this case and affirm Appellant's sentence.

OPINION REINSTATED; CONVICTION AND SENTENCE AFFIRMED.

TJOFLAT, Circuit Judge, specially concurring.

The court declines to consider appellant's *Booker* claim on the merits because appellant failed to present the claim in his initial brief on appeal. Binding precedent requires us to disregard the claim for that reason. *See United States v. Ardley*, 242 F.3d 989, *reh'g en banc denied*, 273 F.3d 991 (11th Cir.2001), and its progeny, e.g., *United States v. Dockery*, 401 F.3d 1261 (11th Cir.2005), cited by the court. *Ante* at ——. I therefore concur in the court's judgment. Were we writing on a clean slate, I would, for the reasons I have previously expressed, entertain appellant's *Booker* claim on the merits. *See United States v. Higdon*, 418 F.3d 1136 (11th Cir. 2005).